All right. Counsel can hear, hear and see, am I right? Yes, your honor. All right, great. Good morning, Ms. Carlin, you can proceed. Thank you, your honor. May it please the court, Pam Carlin for the appellants. The command of the 26th amendment is simple and clear. The right of citizens of the United States to vote shall not be denied or abridged by any state on account of age. But South Carolina does precisely this in code section 715, 320 B2. As our second amendment amended complaint states, South Carolina allows voters over age 65 to choose freely in each election whether they wanna vote in person or by mail. It refuses to give citizens under age 65 this same unrestricted choice, thereby abridging their right to vote. Now I wanna be clear, we agree with the state and with the district court that no one has a freestanding right to cast an absentee ballot. States today limit who can cast an absentee ballot in all sorts of ways. But what the constitution provides is that there are certain reasons a state can't restrict who gets access to an absentee ballot. That includes they can't limit it on the basis of race under the 15th amendment, they can't limit it on the basis of sex under the 19th amendment, they can't limit it on the basis of whether somebody pays a poll tax under the 26th amendment or here they can't limit it on the basis of age because of the 26th amendment. So what we seek in our complaint is to give appellants and here I'm quoting from paragraph 22 of the complaint, the same right to vote by absentee mail ballot is that afforded to voters over the age of 65. Now, I hope that we fully addressed the court's questions about standing in our supplemental brief. So unless the court has questions on that issue, I'd like to turn to the merits. I do. So help me understand on page two of the brief, you say that when the disadvantage implicates harm specified in the constitution, that disadvantage is sufficiently concrete and you're quoting or partially quoting trans union. And I guess where I'm troubled and I'm just trying to figure out how this works, what trans union actually says is not is, it says it can be. And I think what's the change you've made is to transition from it is concrete to it can be concrete, but you have to have this additional showing that it's like certainly impending, right? I mean, the court there in trans union is talking about cases like Pleasant Grove, right? Where they had applied to put the monument there, right? Where cases like the Church of Leukemia, where they had said they were going to do the sacrifices, right? The association of general contractors, where they said we would apply for these set asides if we could. Help me understand why you think just the mere existence of this harm specified by constitution without some showing that it's certainly impending, i.e. a declaration that I will vote absentee in the next election. Why that's sufficient to show that it's sufficiently impending harm. It's the type of harm that could qualify, but you have to have something that shows it's impending. And I don't mean that to be hostile. I'm really trying to understand how these fit together. No, Your Honor. The point that we're trying to make is the denial, the right that our client has is the option to choose in each election, whether to vote absentee or by mail, because that's the option that citizens over the age of 65 have. And as we explained in the second part of our supplemental brief, it can't be that our clients have to wait until the particular election, because if they wait until the particular election, the Purcell principle means they're not gonna get it in that election. Now we're past that election, and they have to figure out what future election. But the whole point of allowing people no excuses absentee voting is to give them an option. And the denial of that option has already occurred. Now here's the- Why isn't that, that seems like inconsistent with like the Association of General Contractors case, right? It's not enough to say that you want the ability or the option to choose whether to apply for the set asides, right? You have to say that you would do so, right? In Lujan, it's not enough to say, I want the option to choose to go to Acadia National Park, right? I don't, that's not enough. You have to express like that it's impending, that I would go. Like this option to choose idea, it seems like to me would swallow all of the cases because in every instance we say, like I want the option to choose to protest, right? But we say, no, you have to show that you would be protesting but for the regulation, right? That, what you're saying just eliminates this certainly impending piece with all of the constitutional cases. I don't think that's correct, your honor, because here the question is, South Carolina law gives a right. And the right, if you look at section 320B is the right to choose in each election, whether to vote or not to vote by mail. And if you require people to identify the particular election ahead of time, one of two things is gonna happen. So I totally understand the practical concerns and I get it, right? But so I get it, there's a practical problem here but I still have to be able to say, I mean, I've gotta be able to write something or my colleague, somebody has to write something that says why there is a certainly impending harm. And it seems odd to say that the harm is just the right to choose because that would be true in every case, right? It is, you know, the right to choose how to protest, right? If they bar pamphlets, well, I'm not gonna do a pamphlet but I'd like to have the option of using a pamphlet. Like that would eliminate any of the sort of certainly impending obligation that we have in all of these constitutional cases. Like everyone that I looked through that you cited, right? There's an actual expressed intention to do something. Yes, and our clients have alleged in the complaint that they voted absentee in the past and that they would like to do it again in the future when it is the appropriate way to vote. And so you think in like in Lujan, if I said, you know, I have visited national parks in the past, I will visit national parks in the future. And it may be one day that I wanna visit Acadia. And so I've got a sufficiently concrete harm with respect to something that's happening in Acadia because I've done national parks in the past. I'll do national parks in the future. And maybe, I don't know, it's possible I might want the choice to go to Acadia. I think the Lujan court would laugh at that. No, your honor, that's not what our allegation is. Our allegation here is about a discrimination claim. And so let me give you an example, which is you have a government cafeteria in the basement and they give out menus that say, you can have apple pie, blueberry pie or cherry pie. They give those menus to you because you're male. And then judge Harris goes down there and they give her a menu that says, you can have apple pie or blueberry pie. At that moment, she has suffered a concrete injury if she says there will be points in the future. I don't know what I'm gonna order today, but I know I wanna have the same menu given to me that judge Richardson has. That is a concrete injury. And that's why we believe we have standing here because we have a concrete injury that cannot be left. And your point of that is you do your view and then I'll stop. Because I know you have lots of other things you wanna talk about. But your view is that in that story, it's okay for judge Harris to simply say, I don't like chocolate pie, but I might one day hold the option of having chocolate pie. I don't remember what the third option you just gave was. That's not our allegation. Our allegation is I've eaten cherry pie in the past. I like cherry pie. I don't know what I wanna order for lunch tomorrow, but I need to know whether I have a right to order cherry pie or not. And I need to know that now. That's what our allegation is. So let me turn now to the merits, which is that everyone here agrees that there was discrimination. The district court on page 104 of the joint appendix says section 715320B draws a distinction based solely on age. So the remaining questions are whether that discrimination constitutes an abridgment and whether that abridgment is an abridgment of the right to vote. And we think the answer to both of those questions is yes. So let's start with abridgment. There are four amendments to the constitution that use the phrase shall not be denied or abridged with respect to the right to vote. And the Supreme Court has interpreted abridgment with respect to two of those. And these are all identically phrased with the 26th Amendment. First, with respect to the 15th Amendment, in Bossier Parish, the Supreme Court says that the 15th Amendment is not about comparing the before and after to a particular group. Rather, it's comparing, as Justice Scalia's opinion for the court says, discrimination more generally. And the court then quotes Rice against Cayetano, which is a case where the Supreme Court said that the constitutional guarantee is against discrimination. So abridgment doesn't look to time one and time two. It looks to group one and group two. And a statute that makes it harder for voters who are young to vote than voters who are old to vote is a statute that abridges the right to vote. That same construction is what motivated the court in Gwinn against United States. Oklahoma had a literacy test that was, the Supreme Court said, totally legitimate. But it then gave white voters a workaround, which was the grandfather clause. They could essentially get an easier path to the polls. And the Supreme Court had no problem saying that that violated the 15th Amendment. And here, it's the same thing. Voters who are over 65 have an easier path to the polls. They can vote by mail. Now, with respect to the 24th Amendment, the Supreme Court is even clearer in Harmon against Fresenius, which involved a Virginia law that said that if you paid the poll tax, you could vote, but if you didn't pay the poll tax, you had to file a certificate of residence. And the Supreme Court says on page 542 in Harmon against Fresenius, that this requirement constitutes an abridgment of the right to vote by reason of failure to pay the poll tax. And what the court then went on to say is it doesn't matter how small that extra requirement is. They said it might not be burdensome at all, but just having that discrimination is enough. So when it comes to the 26th Amendment, it is clear that young voters are worse off than older voters. They lack one of the options that older voters have, and that by itself is an abridgment. Now for the right to vote. Here, the district court erred in thinking that the discrimination at issue here somehow doesn't implicate the right to vote, but implicates only the so-called convenience of voting by mail. The Supreme Court's 15th Amendment case law rejects that argument. The statutory definition of the right to vote rejects that argument. And the district court erred, I think, by relying on a case that didn't involve one of the voting rights amendments at all, but was McDonald against Board of Elections in Chicago. And I think the key thing to take away from that case is that that was a case, as the Supreme Court itself later said in O'Brien, that was rested on a failure of proof. The claim in McDonald was not a claim of abridgment. You won't find the word of abridgment anywhere in that decision. Rather, it was a claim that if you don't let us vote absentee, we can't vote at all. And the Supreme Court says in McDonald that nothing in the record supported that allegation. But on top of that, I think there are three other reasons the district court's reliance on McDonald was erroneous. First, McDonald predates the 26th Amendment. So it didn't consider whether that amendment has an absolute bar on discrimination on the basis of age. Second, as I already kind of alluded to, the 26th, the word abridgment doesn't appear anywhere in McDonald. So it doesn't actually bear on the issue here. And finally, the Supreme Court's own post-McDonald case law shows that even if there are alternative ways of voting, a discriminatory rule regarding voting by mail can violate the Constitution. So let me turn very briefly to our 14th Amendment claim. I'm sorry, counsel, before you switch over to the 14th Amendment, I just wanna, so two other courts have looked at this, right, and they have both said this doesn't violate the 26th Amendment. And I feel like just reading between the lines a little bit, not really even, what's driving them is this kind of intuitive setting of a baseline. Like, look, voting is voting in person. That's the baseline. All this law does, it's more like, doesn't invidiously discriminate against anyone. It's not trying to stop anyone from voting or it's not trying to make it harder for anyone. It's more like we're just making an accommodation for people who need a little special help when it comes to voting. And so what is the harm? Your right to vote is not materially impaired by the fact, it's more like affirmative action than like invidious discrimination. What's your problem? You can make an accommodation for one group that needs it without discriminating in any invidious way, at least against the other group. And that seems to be kind of what's driving these courts. And I guess I wanna give you a chance to tell me why that's wrong. I think you've described exactly what's driving the courts. The problem is the text of the Constitution doesn't allow them to do that. It's a little bit like what Justice Scalia said in Heller and what Justice Alito said in McDonald, which is the enshrinement of constitutional rights necessarily takes certain policy choices off the table. And the policy choice that's been taken off the table by the 26th Amendment is having affirmative action for older voters relative to what you give to younger voters. So we understand that impulse entirely. We're simply saying the Constitution prohibits it. Can I just follow up on that? Judge Gregory, do you mind? Yes, go ahead. So again, along the same lines, just a sort of chance to respond to this version of it. I understand there's this language discrimination in Scalia's Reno opinion, but he seems to really focus on the idea that abridgment requires a comparison and he gives two possible comparisons there, neither of which is the group one, group two that you've suggested, but instead, at least I would read it and I want you to have a chance to respond to sort of saying either one, that abridges by definition comparative and one comparison is the status quo and that's a section five kind of context that makes sense. And the other one is sort of some maybe platonic ideal of what the right to vote ought to be, I think is the phrase that he uses. I didn't use platonic ideal, but what the right to vote ought to be and that that's the comparison so that there's some core right to vote that doesn't implicate every burden that might be placed on it or every variation that might exist. Tell me why I shouldn't read Reno that way or why, in other words, why do you think the right comparator is necessarily like the least restricted group as opposed to the status quo or what the right to vote ought to look like? Because if that proposition were correct, then it wouldn't violate the 15th amendment for South Carolina to say, we're gonna have 20 hours of early voting for white people and 10 hours of early voting for black people. All right, fine, but that would violate the 14th amendment. It doesn't violate. So except for a minute, I get the argument, right? But except for a minute, okay, it leads to a little bit of an odd result in the 15th amendment. That's not terribly concerning because it would be plainly barred by the 14th amendment. So like the fact that we only have a belt and no suspenders, maybe that doesn't, maybe it does cause us problems, but maybe it doesn't cause us concern. Tell me why like non-consequentialist reasoning suggests that that's not the right way to read what the Supreme Court has told us to do. Because what the constitution, the text of the constitution tells you to do is not to permit discrimination with regard to voting however the state defines. Wait, just one second, because the constitution doesn't actually say you cannot permit discrimination, right? That's actually not what it says, right? It says you cannot abridge the right to vote on account of age, which is not to say that it is a bar on all discrimination. I'm totally fine talking about the text of the constitution, but don't put the word discrimination in there and say that's what the text demands. It is a bar in the text of the constitution on denying or abridging the right to vote on account of one of these group memberships. And the Supreme Court has repeatedly said in Rice against Cayetano, in Gwinn, and in Bossier Parish, that discrimination is what they are forbidding. They are forbidding racial discrimination voting, sex-based discrimination voting, taxpayer-based discrimination voting, and age discrimination in voting. And honestly- So your view is, you say we should just read abridged to be, they shall not discriminate on account of age. That's what abridged means in your mind. With respect to the right to vote, if one group has less of a right to vote on account of age than another group has, they have had their 26th amendment right has been violated. Thank you, Judge Gregory. I'm sorry for running over. No problem. Thank you, counsel. Mr. Green? Thank you, Judge Gregory. May it please the court. Good morning, I'm Tracy Green. I'm representing the South Carolina Election Commission defendant, but I'm arguing today on behalf of all the respondents. I rely on my brief for matters not discussed today. Let me touch briefly, I think, on the standing argument and then proceed to the 26th and 14th amendment arguments. We would agree there's no, there's really not a concrete injury alleged or a particularized injury alleged. It is just a matter of voting for convenience. They say that candidly, but I don't think I'd assert under the court's precedence that's not enough. There's got to be something a little bit more particularized showing them. Otherwise, they are just complaining because they are a part of the group in general, and they don't really have any of them particularized injury that's different from anyone else in that group. You're saying that if an entire group suffers an injury, each member of the group doesn't have standing because everybody, it's not particularized because lots of people suffered the same injury? Is that your argument? I would submit that that's how I read the more, standing certainly has changed in my mind in the last few years, but I would assert that the more recent precedent from the court. I don't think any of the parties cited it. The opiate opinion case seemed to get into that. We're just being a part of a group that was supposedly disadvantaged is not enough. You've got to show something more particularized. I don't think anybody cited that case, but you've got to show something more particularized that you were injured or somehow suffered a disadvantage individually. And I don't think we have that here. Counsel, do you agree that to sort of, I think get to this point, that if one of the plaintiffs filed a declaration that said, if I was able to, I would vote absentee in the 2026 primary or 26 general, that that would create a sufficiently impending concrete harm that they could bring suit? As long as they said that, right? That that would suffice, because that looks like cases like the Association of General Contractors, where they said, if I could apply for the set aside, I would, right? Where the church saying, we'd sacrifice animals if it wasn't against the law, that sort of would satisfy this sort of like sufficiently impending point. Your Honor, I actually, in the circumstances of this case, I'm not sure that would be enough. I don't know what the plaintiffs can show, but here's why I'm answering the question that way. They have so many other options to either vote absentee or vote early or vote in person. So, and those are minimal burdens to go to the polls. Maybe that's a merits argument, but I don't understand what that has to do with standing. Because they've said, we don't qualify for the other absentee provisions. And so if somebody said, right, just like they did in the Association of General Contractors, I'd apply for the set aside if I could, right? If somebody said, I'd vote absentee if I could, that would suffice. I mean, this is like a really minor point. I don't mean to belabor it, because it seems like super simple to get around, but it seems like, just like in Lujan, you got to say, I would visit the park, right? Yes, Your Honor. No, yes. No, I understand that. What my argument is, they have, some have voted absentee when they otherwise qualified to vote absentee in the past. So they can vote absentee under, out of the county, work, whatever. If they otherwise qualify, they have other options, and they can also go to early voting. Those, in my mind, respectfully, are minimal burdens that the courts have not said are an impediment. So to me, there's got to be an injury that shows that they can't vote absent this. But at a minimum, there has to be something more than is in this complaint. I would absolutely agree with that, and I would submit there is not enough to get them over that hurt. I also would just briefly argue before proceeding on, I'm not sure that the remedy they want, which is to make it available to all, this court can't grant that, because the court won't rewrite a statute. I don't think that's what they're asking for. I thought their brief was really clear, that what they want is a declaratory judgment, I guess, saying, you can't do this. You cannot discriminate based on age and making absentee ballots available. Fix it however you want, level up or level down, but you can't do this. In paragraph 6B of their second amended complaint, they say, we want convenience voting. 6B of their amended complaint says, we want convenience voting? Yeah, JA 24, each plaintiff wishes to vote by absentee ballot in any election. That's not the relief they're asking for, counsel. Anyway, maybe you want to move on to your next point. Thank you, Your Honor, thank you. So yes, with that, our argument in respect to the merits of the 26th and 14th Amendment, the 26th Amendment first, the right to vote is, I think, as Judge Harris, you touched on, I think we submit the right to vote as the baseline, which is the right to go to the polls and cast a ballot. Absentee ballots are a privilege that are extended as part of generally the state's power, either on its own elections, or if not preempted by Congress, of the manner of voting. Counsel, I assume, so you would say the same about like early voting. It would be fine if the state had a rule that said, you know, we're going to have actually no early voting, except we'll have early voting for white people, two weeks. That would not violate the 15th Amendment under your understanding. Sorry, a fire truck is going by me. Your Honor, the, no, first of all, that would be an equal protection argument. But I guess I'm asking about the 15th Amendment. The 15th Amendment, if the right to vote, I think it is going to hinge upon timing. If that right to vote is convenience voting has not been extended before, it might not be a 15th Amendment issue. It would certainly unquestionably be a 15th Amendment. Hang on, counsel, because this is a serious concern I have. You are asking me to write an opinion that says my state of Maryland, let's, I'll make it personal for me, tomorrow could pass a law that says we're going to have voting on election day, except all white people can vote early, two weeks before election day. Fourteen days extra for white people. And I'm going to write an opinion that says that's fine with the 15th Amendment. Because that strikes me as a hard ask. Well, some of it would depend upon timing and the nature of the thing. But the nature of what thing? Well, for instance, if the right to vote had been extended before and then was being taken away, then I think that is a 15th Amendment. But if the right to vote is a core, which is- I mean, I think the one thing the Supreme Court made really clear in that Justice Scalia opinion that my colleague was talking about is that you don't apply the retrogression, time one versus time two analysis under the 15th Amendment. That's what the court says. That's for preclearance, but that's not how we look at the 15th Amendment. And that is correct. And section two would be different. And that would be on the 15th Amendment. And it might be a violation of section two of the Voting Rights Act, which is a little bit broader than the 15th Amendment. But if the right to vote is the right to go to the polls, and I think the Bernabeuse decision touched on that, where even as late as 1980, the right to vote was generally the right to go to the polls. It wasn't really involving absentee or anything like that. So, again, if the right to vote is a minimum of going to the polls, I don't know the nature of the violation of the 15th. It is absolutely a 14th Amendment violation. I am not advocating for anything that says that's okay. I think the nature is how that's stricken down. But South Carolina has broadened the idea of voting beyond just going to the poll, hasn't it? I'm sorry, Judge Gregory. South Carolina has broadened the idea of voting to just being able to go to the poll to vote. It has broadened that, hasn't it? It has extended in some instances with respect to early voting, with respect to, again, there are a number of absentees. Let's talk about this respect right here, 65-year-olds. Yes. I think you're using the word, that's a privilege? That's a privilege, under our argument, yes. So you're saying, so if it's a privilege, then it's somehow protected from discrimination, just because it's a privilege? Your Honor, I think here a privilege, I think, yes. And I think it's a privilege because it is just- But if that privilege changes your access to voting, didn't that have to go through the lens of the 26th Amendment, no discrimination based on age? Well, our argument is based on these facts, and here that really hasn't changed their access to voting because they can still go to the polls. Persons under 65 can cast the same ballot. They have the same rights they had before. No, no, no. Access to voting is more than the fact that I can travel there to, that's like saying, well, I'm gonna change it to one polling place for the city and a very prominent, you know, rich place. So everybody else has to leave their neighborhood and come in at one place. You're saying because you can still vote. You haven't changed that. That's just a privilege we're gonna put in one neighborhood, and that's gonna be fine? I think how polling places are set up would be a little bit different. I mean, if it's based on race or sex and governing the right to vote in that, yes, I think that might be problematic then because you are- See, I like that, but what about age? What about age, too? That scenario, race, sex, now age under the 26th Amendment, right? I don't, what I'm, I'm not sure I understand the question, Judge Gregory. I'm not sure how the age makes a difference. I'm just saying you brought up it's a privilege, but that privilege implicates access to voting. You have made it easier for a group to vote based solely on their being more than 65 or older. Isn't that right? That is correct. That's all we have to show. There's a birth certificate or whatever, and they can do that. That's access to the poll, right? We submit that that is not access to the polls in the sense that persons under 65 and over 65 can still go cast a ballot the same as they could before. So do you think also, do you think the state, because it's a privilege, could charge? Like you can vote absentee, but it costs $100? I mean, I assume you think that, why not? Because- No, because that, then you're, well, I'm not sure. I think that's a 14th Amendment question. No, it's not, because income, wealth, it's not a suspect classification. They can just say it's expensive. I'm telling you, running this absentee ballot then costs a lot of money. We need to defray the cost. So $100. Because you would say the poll tax amendment doesn't apply because it's just a privilege and you can still show up in person. I believe that wealth was held be in Harmon or which one of those Supreme Court cases. So I think wealth is, and that was why the- Not as a general rule. The poll tax was stricken. Okay. Not as a general rule. So you would say except voting is different that- I think the court applied it differently in- But it wouldn't count as a poll tax. It would not be prohibited by the- You know, I might make an argument that it's a poll tax, but it probably isn't. I think you'd have to say it isn't because you said it's just a privilege. So it hasn't been, you haven't abridged the right to vote because you can still show up in person if you don't have $100. I mean, it's the same language in the poll tax amendment. That may be right. That part I've not thought through, but I don't think it would be a poll tax, but I'm not, it probably would not be. But again, I think you've got a 14th amendment. Let me circle back to your original question too, Judge Harris, if I might. There might be, part of our argument too is that the 15th and 19th amendment, and there's not a lot of 19th amendment authority, should really readily extend to the 26th amendment. This court in Lee touched on that. I think that was a voter ID case, if I remember right. It may be that because of the nature of the mutable characteristics that we're talking about with sex and race, that what you described about early voting and the like, that might very well make it a 15th and a 19th amendment violation. The 26th, that's not an age across the board. It's sort of something that changes over time. And while the language of the three amendments is saying, the same other than the qualifier, the Supreme Court certainly has applied age differently than race and sex. And we'd submit that based on that time, sort of the framework that existed at the time that the 26th amendment was adopted, it really was kind of taking that into account. And that's sort of the way it should be interpreted. And so it may be that something that's a 15th or a 19th amendment violation is not a 26th amendment violation. But the day our argument is- I just say, counsel, I actually, I understand that argument, that there's sort of a different history, particularly behind the 15th amendment and the poll tax amendment, sort of invidious discrimination. But I feel that we are in an era now where kind of text overall. And so I do think it is, I feel like in an earlier era, that would have been a very sensible argument. But these days, it's kind of like text, text, text, a sort of formal textual analysis. And so I am having, one of my concerns about your argument is that I am having a lot of trouble formulating an argument consistent with text that would allow me to say what you just said. I mean, when they drafted the 26th amendment, they used the same text as in the 15th and the 19th. And they said, the legislative history makes clear, we get we're using the same text. We're trying to do the same thing. So I just think it is hard to sever them out the way you are proposing. And if you have, I don't know, if you want to try to address that concern, I would be all ears. No, no, no, I certainly understand because Heller on the one hand instructs to, what was the right to vote contemplate, or what was the right to contemplate at the time the amendment was adopted? And that hints our argument that the right to vote was the right to go to the polling place. But it does, but when it adopts a language from the other amendments, it does ask the question, how does that extend? And I do understand that. And that is why, but that is why we've argued that we believe that based on what was the right to vote as it was understood at the time of the 26th amendment's adoption is the same right to vote in historically, which was the right to go to the polls. Can I ask you, your argument is very broad. And I have to admit that I wasn't prepared for some of the positions you're taking today, but I want to bring you back more to maybe where the Seventh Circuit and the Fifth Circuit were on this issue. And this sort of intuition that I was discussing with your colleague, like, look, nobody is targeting anyone here. This is just an accommodation for people who need it. What if instead of this law, a state had a law that said everybody can automatically vote by absentee ballot. Everybody has the option in every election to vote absentee, except for people who are 18 to 21. And let's actually, let's just assume it's a college town. And you know, they're just like, no, everybody else can vote absentee, but not the college students. But they define college students as 18 to 21. Would that concern you at all? Or it's still whatever, it's a privilege. And if they want to extend the privilege to everyone who is over 21, that's fine. You know, that one seems, and that was absentee, right, Judge Harris? Yeah. I just want to make sure. That one seems different to me, but it is a privilege that's not been extended before. The difference to me in part seems there that you've extended it so broadly, except for a small subset, whereas, and maybe that touches a little bit on the 15th and the 19th distinctions that we were discussing. But why would it matter for your theory? The reason I asked the question is, yeah, sure, the intuition suddenly seems a little bit different, but I don't see how your theory can accommodate that. If the theory is a privilege is a privilege, so long as you are entitled to show up at the polls on election day and cast a ballot, you know, all the privileges can be restricted based on race, age, gender, whatever. Frankly, if the right to vote is the right to go to the actual polls, that might not be directly. If you had it and you took it away, that might be a violation of the 26th Amendment. But if the right to vote- And you might also say that it fails Anderson-Burnett rational basis review too, right? That if you identified 18 to 21 and said, everybody else gets absentee, but not, you know, these three years worth of people. You'd just be like, no, you'd be like, well, college students, whatever, they take two classes a week, they have time to get to the polls on election day. I can imagine rational reasons for saying people who are 18 to 21 in this town, by and large, were allowed to paint with a broad brush, they've got more time on their hands. Well, I can see, again, let me try to answer both questions. I think the Anderson-Burnett test, I could very well see that applying to cause a problem with that, because that's a different reason and you're touching on the right to vote. But, you know, a lot of the early 26th Amendment cases involve, frankly, involve students and their residency requirements and trying to restrict that. So I can see where the situation you describe would create problems with that, because really what you're trying to do there is abridge the right to vote, because they can't vote, they may have problems voting in person during that time period because of their residency. And so what you've tried to do then will make it easier for everybody else to vote, but not there. So you might have issues there, and I think there was one case, and the name alludes me at the moment, but I think there was, and I see that my time is expiring. Oh, you're right, go ahead. So I guess I was just, I mean, I really do think this is kind of, this is at least important to me. Do you have a theory, like you were saying, okay, that actually might be a problem under the 26th Amendment? Do you have sort of a rule you would want us to adopt where you win your case, but some other state might not win the case where they say everyone can vote absentee ballot except for the 18 to 21-year-olds? Is there a rule we could adopt that would distinguish those two things? A rule to distinguish those doesn't come to mind there, because what I'm thinking is what we were discussing, Judge Harris, would be more of an as-applied, and that while the law says 18 to 20, if it's a privilege, then it's not directly impacting the right to vote, but because of the residency issues and the inability or difficulty or type of students, then you might not be able to get there, in which case, as-applied, there's probably an impact to the actual right to get to the polls and cast a meaningful vote that counts. So, to me, it's as-applied. I'm sorry, Judge Gregory. You concede that this is an abridgment, but you said it's okay as long as the abridgment does not result in a person cannot vote. Is that right? Isn't that your position? I don't know that I would concede that this was an abridgment because- Well, you have to be, right? To some degree, you're changing the access to voting. Otherwise, the whole point is that the whole idea is the 26th Amendment says everybody can vote, and if everybody does it at the poll, then everybody does it. But when you change these, what you call privileges, to make that easier for one group and solely based on their age, that has to be an abridgment. No, we don't submit it as an abridgment because that right was never extended before. So, for purposes of the 26th Amendment, we submit that as not an abridgment. It was never extended before. I mean, my goodness, we're an AI generation. We're changing as we speak in terms of the world. You're saying is whatever in the future, you come up with it, that'll make it a different, because you never had that before. Like, for example, you may get to the point, 65-year-olds can just blink their eyes and AI vote, but everybody else has to come to the polls, that's fine, because you never had that before? I don't understand that. Because we submit that it's absentee voting consistent with the Supreme Court's presidency. The argument almost sounds like the argument of Plessy. That was the argument of Plessy. They said, listen, it may be discrimination, but the train gets there at the same time for everybody. Respectfully, I completely disagree with that, but it doesn't matter. The train is the analogy to voting. So how making it easier and more comfortable with somebody, how they sit on the train makes no difference, whether it's based on their race or whatever. That was race, this is not race, but that's really what you're saying. As long as the train gets there, meaning you can vote, everything else is just a privilege, and therefore you never had it before, and therefore it doesn't implicate or violate the 26th Amendment. That's your argument. With respect to age- It's all up to it. Yes, with respect to age, that is our argument in this case. Okay, that's what I wanna make sure. All right. Yes, in this case. Thank you so much. Yes. Thank you so much. Thank you. Thank you, counsel. Ms. Conlon. Thank you. Excuse me. Thank you, Your Honor. I have four basic points to make. The first is that absentee voting in South Carolina is not a privilege, it's a right. And if you look at section 320B, it says that qualified electors who fit one of the categories, and here I'm gonna quote from the statute, must be permitted to vote by absentee ballot in an election. So they have an enforceable right there. It's not simply a privilege. The second point I want- Do you think, counsel, that however we think about the right to vote, are you advocating to sort of having state law be the sort of definitional guide so that the right to vote might look different in South Carolina than it does in the great state of Maryland based on how the state defines it? I mean, are we really looking to state law to define the right to vote in the Constitution? You're looking to state law to figure out what the right to vote means there. And if you look at the Supreme Court's decision in McDonald, they said- Yes, so under the Constitution, so you think the words the right to vote in the 26th Amendment vary by state. In the following sense, yes, which is in a state that doesn't allow anybody to vote absentee, the right to vote is only a right to go to the polls. In a state that allows people to vote either at the polls or by mail, the right to vote involves the right to vote by mail or at the polls. And the Supreme Court is quite clear about this. In McDonald, they say the state has a lot of control over how the franchise is extended. But once it is extended, there are forms of discrimination that are impermissible. And one of those is race. The second point I wanted to make is just to clarify the remedy issue, which is if you look at JA 27, paragraph 22, that's where we ask for our remedy and it is the same right, it's not a right to vote by convenience. A third point that I just wanna- I'm sorry, can you go back to that? So what you're asking for is the same right? Yes. And so from sort of the court's power, what you're asking us to do is what? Like, what would you have the order say? So our opening brief says you should remand for remedial proceedings. It is up to the state. Then what would the district court say, right? The district court- What would the federal court say? The district court would say to the state, you must treat voters the same with regard to voting by mail, regardless of their age. You decide whether you wanna extend this right to under 65 voters, or you wanna take it away from over 65 voters. Either of those is the state's option. The second- Wouldn't we typically do like- In your honor, in every voting rights case of which I know, and I've litigated dozens of them, the first option is always the state gets to propose a remedy that will cure the federal statutory or constitutional violation. And that's what we're asking for here. Give the state an option to cure the constitutional violation of discrimination on the basis of age in violation of the 26th Amendment. A third point I wanna make is there seems to be this desire on the part of the state and perhaps on the part of some members of the court to say, of course it would violate the 15th Amendment to limit voting by mail to whites or limit it under the 19th Amendment to women, but that would be just a 14th Amendment violation. And the Supreme Court is quite clear, the James Daniel Good case is the case that comes to mind immediately to say things can violate more than one constitutional amendment. It would be passing strange to say that an amendment that expressly talks about voting and expressly talks about race is not violated while the general command of the Equal Protection Clause is. A third point that I wanted to make is with regard to standing, the plaintiffs in the AGC case, the Associate General Contractors case said we bid on contracts in the past and there are contracts we would like to bid on in the future. But of course, that's no more concrete than what our clients are saying here, which is you have to wait to see what the request for proposal is. You have to decide, do I have the resources right now? Is the price good? Before you decide whether to bid on that. And the Supreme Court could not have been clearer that the violation occurred here. Finally. Can I just ask you a quick question about the standing? Sure. So, I mean, I did look at the complaints in these other 26 amendment cases. It's a little bit different because that was during COVID. So those people just said, look, I would like to vote absentee. I really am genuinely just curious, given that this issue disappears if your clients just submit a declaration saying I would like to vote absentee. I mean, is it just that, you know, genuinely they actually prefer to go to the polls if they can manage it and they just don't know right now whether they'll be able to comfortably manage it for the next election or not? Like, do they just want to reserve? Why don't they just submit a declaration that says that? Well, the problem is if you're asking why don't they submit a declaration that says, look, I don't know whether I'm going to want to vote absentee at some point. No, I think that is what they submitted. Why don't they just submit one that says I want to vote absentee? Ridiculous. Well, it wouldn't solve the standing problem if it has to be a future election at the time the court rules. Because imagine that our clients had filed, our clients filed this lawsuit before the 2024 election. Suppose they said we want to vote in the 2024 election. That election then passes. Now you have to point to a future election in which you would do it. You end up in this weird kind of capable of repetition yet evading review. What if they just said I would like to vote absentee kind of period? It's more convenient. Well, then you're denying them the right that they actually sought here, which is the same right to choose election by election. Well, that's what I meant. So they may actually, I really, this is not a trick question. I'm just trying to get my hands around. I did find the way the complaints sort of pled this part a little bit unusual and I'm trying to figure out why. And that is a very sensible answer. I myself prefer to go in person if I can and I vote absentee if it's inconvenient. And they may just feel the same way. I would prefer to be in Richmond and get the actual handshake, but for political reasons it doesn't work so well. And I think that's really what our clients are saying is look, there are elections in which I want to go to the polls. And this court may remember because it was one of the things that was discussed in the North Carolina omnibus case that the court decided about five or six years ago that there was testimony about the voter ID requirement there that if you were over the age of 65, you could vote by mail and you wouldn't have to submit a voter ID. And a number of the witnesses who testified at trial who were African-American witnesses in their 70s said, we prefer to go to the polls to vote. So for those people to require them to say, I want to vote absentee at every election in the future denies them exactly the choice they're seeking. And it's for these reasons that we asked the court to reverse the judgment of the district court and remand the case for remedial proceedings. Thank you, counsel. Again, we won't be able to come down and shake your hands. I would prefer it to be that way too, but I'm glad that people are safe in terms of this weather and know that we appreciate both of your arguments and your final counsel. Thank you so much. Take care.
judges: Roger L. Gregory, Pamela A. Harris, Julius N. Richardson